# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT ALLEN PORRAS,

Defendant-Appellant.

UNPUBLISHED
July 21, 2015

No.  321183
Kent Circuit Court
LC No.  13-009378-FH

Before:  MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Defendant, Robert Allen Porras, appeals by right his jury conviction for operating or maintaining a methamphetamine laboratory, MCL 333.7401c(2)(f).  We affirm.

During a Child Protective Services and probation officer house call to Jessica Johnson's home, officials discovered components of a methamphetamine laboratory.  Johnson told officials that she lived at the home with her three children and defendant.  Johnson stated that she had no knowledge of the laboratory and that items the investigators believed to be components of the laboratory belonged to defendant.

On appeal, defendant argues that defense counsel's failure to timely object to inadmissible hearsay denied him the effective assistance of counsel and his right of confrontation.  In particular, defendant asserts that defense counsel was deficient for failing to object on hearsay grounds to the testimony of three witnesses that Johnson told them defendant lived in her home and for eliciting testimony from one witness that Johnson's children, who did not testify, also told her that defendant lived in the home.

Ineffective assistance of counsel is a mixed question of law and fact.  *Strickland v Washington*, 466 US 668, 698; 104 S Ct 2052; 80 L Ed 2d 674 (1984).  We review the lower court's factual findings for clear error, if any, and review its ultimate application of law de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).  Because defendant did not preserve his claims of ineffective assistance of counsel, our review is limited to mistakes apparent on the record.  *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).  To establish ineffective assistance, defendant must show that defense counsel's performance "fell below an objective standard of reasonableness," which could not be justified by sound trial strategy and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 US at 688-689, 694.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," MRE 801(c), and is generally inadmissible, MRE 802. But out-of-court statements admitted for purposes other than the truth of the matter asserted are not, by definition, hearsay, and may be admitted in the face of a Confrontation Clause objection. *People v Chambers*, 277 Mich App 1, 10-11; 742 NW2d 610 (2007). The prosecution's elicitation of three witnesses' testimony regarding Johnson's out-of-court statements that defendant lived with her were admitted for the truth of the matter asserted therein; consequently, these statements constituted hearsay and were inadmissible. MRE 801(c); MRE 802. Had defense counsel objected, it would not have been a "meritless argument or . . . futile objection[.]" *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Nevertheless, defense counsel's failure to object did not fall below objective reasonableness because it was justified by trial strategy. See *Strickland*, 466 US at 689-690. Defense counsel's strategy focused on the officers' failure to independently investigate and confirm defendant's ties to the home and the laboratory components they located there. Considering this tack, defense counsel had reason not to raise hearsay objections to the testimony now challenged on appeal regarding Johnson's out-of-court statements. Specifically, these statements formed the basis of defense counsel's argument that police uncritically accepted Johnson's word and failed to properly investigate her allegations. Defense counsel therefore did not render ineffective assistance by failing to object to the prosecution's elicitation of Johnson's hearsay statements. *Id*.

Defendant also challenges counsel's performance regarding statements Johnson's children made, which were admitted through the testimony of a prosecution witness. Defendant argues the statements were hearsay and violated the Confrontation Clause. The Confrontation Clause "prohibits the admission of all out-of-court testimonial statements unless the declarant was unavailable at trial and the defendant had a prior opportunity for cross-examination." *Chambers*, 277 Mich App at 10. But the Confrontation Clause does not preclude the admission of out-of-court testimonial statements for purposes other than establishing the truth of the matter asserted. *Id*. at 10-11; *People v Henry (After Remand)*, 305 Mich App 127, 153; 854 NW2d 114 (2014). A statement is testimonial "when the circumstances objectively indicate" that it is the product of an interrogation "the primary purpose of [which] is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v Washington*, 547 US 813, 822; 126 S Ct 2266; 165 L Ed 2d 224 (2006).

Defense counsel elicited testimony from a prosecution witness that Johnson's children stated that defendant lived with Johnson. Defense counsel elicited this testimony not for the truth of the matter asserted therein, i.e., that defendant lived in the home. Here it appears defense counsel elicited this testimony while attempting to scrutinize and discredit the witness's basis for concluding that defendant lived there. Accordingly, the out-of-court statements were elicited for a purpose that did not constitute hearsay. Moreover, defense counsel was not required to object on Confrontation Clause grounds in these circumstances. See *People v Buie*, 491 Mich 294, 313; 817 NW2d 33 (2012) ("where the decision constitutes reasonable trial strategy, the right of confrontation may be waived by defense counsel as long as the defendant does not object on the record"). Defense counsel's performance did not fall below an objective standard of reasonableness. *Strickland*, 466 US at 688-689.

Moreover, counsel was not ineffective when the prosecutor later, while cross-examining defendant, referred to the children's out-of-court statements for the truth of the matter asserted therein. The prosecutor's questions are not evidence, and the jury was so instructed. See *People v Unger*, 278 Mich App 210, 238-239; 749 NW2d 272 (2008). Moreover, defense counsel made a hearsay objection during the cross-examination [1], so his performance did not fall below an objective standard of reasonableness. While defense counsel did not object on Confrontation Clause grounds despite the fact that the children did not testify and were not previously subject to cross-examination by defendant, our conclusion does not change. The record does not reveal whether the children's statements were testimonial in nature, but the prosecutor clearly used the statements in a manner intended to "establish or prove past events potentially relevant to [defendant's] criminal prosecution." *Davis*, 547 US at 822. A Confrontation Clause objection likely would have had merit. Regardless, defense counsel's failure to object on Confrontation Clause grounds did not prejudice defendant. There was strong evidence linking defendant to the home and the methamphetamine laboratory found there other than the children's out-of-court statements. The jury heard ample non-hearsay evidence upon which to convict defendant of operating or maintain a methamphetamine laboratory. Accordingly, defendant has not shown that there is a reasonable probability that but for defense counsel's failure to object to the prosecution's use of the children's out-of-court statements, the result of the proceedings would have been different. *Strickland*, 466 US at 694. Defendant therefore was not denied the effective assistance of trial counsel.

We affirm.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens

---

[1] We recognize the trial court overruled the objection, but this does not reflect on counsel's performance.